UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBIN D.K. PEPPERS,

    Plaintiff,

    v.

INDIANA STATE OF,

    Defendant.

CAUSE NO.: 3:18-CV-922-JD-MGG

OPINION AND ORDER

Robin D. K. Peppers, a prisoner without a lawyer, filed a complaint against the State of Indiana. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Peppers alleges that he has been wrongfully charged with intimidation based on video recordings from his YouTube channel in which he suggested a series of hypothetical scenarios involving acts of violence. His bond was set at one hundred thousand dollars, and he has been held in administrative segregation at

St. Joseph County Jail. On this factual basis, he asserts that the State of Indiana violated his constitutional rights.

Peppers has not named a proper defendant. The Constitution's Eleventh Amendment provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars "a suit by a citizen against the citizen's own State in Federal Court." *Johns v. Stewart*, 57 F.3d 1544, 1552 (7th Cir. 1995). A State may elect to waive its Eleventh Amendment immunity, but Indiana has not. *Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988). Because the State of Indiana is the only defendant in this case, the complaint does not state a claim upon which relief can be granted.

Peppers may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). A copy of this court's approved form – Prisoner Complaint (INND Rev. 8/16) – is available upon request from the jail law library. If he chooses to file an amended complaint, he must put the cause number of this case which is on the first page of this order. He should name the individuals responsible for his claims as defendants and must describe his interactions with each defendant in detail, including names, dates, locations, and explain how each defendant was responsible for violating his constitutional rights.

Peppers also filed a letter in connection with his motion for leave to proceed in forma pauperis. ECF 3. He argues that he should not be assessed an initial partial filing

2

fee because his jail account has a negative balance. This argument suggests a misunderstanding of the relevant statute, which frequently requires the court to assess initial partial filing fees even for prisoners with negative balances. Pursuant to 28 U.S.C. § 1915(b)(1), the court must assess an initial partial filing on prisoners by taking 20% of the greater of: (A) the average monthly deposits; or (B) the average monthly balance for the six months preceding the filing of the complaint.

In this case, Peppers provides his jail account summary. ECF 2. The relevant entries start with an initial deposit on July 25, 2018, and end on October 26, 2018, a span of three months. During that time, Peppers received a total of $70.00 in his account for an average of $23.33 per month. Because Peppers had a relatively significant negative balance for two of three months, it is clear that his average monthly deposits are greater than his average monthly balance. Twenty percent of $23.33 is $4.67 -- the precise amount assessed to Peppers as an initial partial filing fee in this case. While this assessment may seem unfair, Peppers can proceed with this case even without paying the initial partial filing fee -- but only if he demonstrates his inability to pay it when prompted by the court. *See* 28 U.S.C. § 1915(b)(4).

For these reasons, the court:

(1) GRANTS Robin D. K. Peppers until January 3, 2019, to file an amended complaint; and

(2) CAUTIONS Robin D. K. Peppers that, if he does not respond by that deadline, this case may be dismissed without further notice.

SO ORDERED on December 3, 2018

                                              /s/ JON E. DEGUILIO
                                            JUDGE
                                            UNITED STATES DISTRICT COURT